### KAHT v. FRAZIN.

(Supreme Court, Appellate Term, First Department.    December 11, 1913.)

1. ACCOUNT STATED (§ 19*)—ACTIONS—STATEMENT.
    Proof that plaintiff delivered statements of the account to defendant, and that defendant did not object to the statement of the account, will not authorize a recovery of the purchase price of goods sold and delivered, in the absence of some evidence of the original transactions between the parties as a foundation for the account stated.
    [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 91–93; Dec. Dig. § 19.*]

2. ACCOUNT STATED (§ 20*)—ACTIONS—EVIDENCE—SUFFICIENCY.
    In an action upon an account stated for goods sold, evidence *held* sufficient to go to the jury.
    [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 9, 40, 94, 95, 97–99; Dec. Dig. § 20.*]

3. EVIDENCE (§ 211*)—ADMISSIONS.
    In an action on an account stated, evidence of defendant's testimony in a previous action against her husband for the same items, in which she testified that she ordered the goods upon her own credit, was properly received as an admission, notwithstanding Code Civ. Proc. § 830, providing for the admission of a party's former testimony only in case of his death, insanity, or removal from the jurisdiction.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 738–744; Dec. Dig. § 211.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Andrew Kaht against Sallie Frazin. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

—————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Charles La Rue, of New York City, for appellant.
Montague Lessler, of New York City, for respondent.

WHITAKER, J.   Action to recover upon an account stated for goods sold and delivered to defendant consisting of groceries.   The defense is a general denial.   Although there is no direct proof of the fact, it may be assumed from the record and papers that at the time the goods were delivered the defendant was a married woman living with her husband.   The evidence shows that the plaintiff sent defendant a statement of the amount due, and for several months thereafter sent her an account rendered, stating the amount; that defendant never objected or made any answer whatever.

[1, 2] Of course, in order to maintain the action, it was obligatory upon the plaintiff to show some original transactions between the parties as a foundation for an account stated.   The judgment of the court, dismissing the complaint and taking the case away from the jury, we assume, was based upon the failure of plaintiff to establish any original transactions.   There is sufficient evidence in the record, we think, to have warranted letting the question go to the jury, unless such evidence was clearly inadmissible and incompetent.   There is evidence that defendant personally ordered some of the goods from plaintiff, and that there was a passbook in her name in which orders and deliveries were entered.   There is also evidence that the plaintiff brought an action against the husband of defendant to recover the price for the same goods; that upon that trial the defendant was a witness for her husband, the defendant in that action, and testified that the credit for the goods in question was given to her.   The attorney for the plaintiff in the case at bar was also attorney for the plaintiff in the case against the husband of this defendant.   He took the witness stand and testified, in substance, as follows:

"I am the attorney for the plaintiff.   I was also the attorney for the plaintiff in the case of this plaintiff against Louis Frazin [defendant's husband].   As such attorney, I examined this defendant as a witness, who testified in that case.   She testified in substance that in 1909 and 1910 she resided at No. 677 West End avenue, and during that time had given orders to the plaintiff; that such orders were given upon her own credit, and, being asked upon that trial whether she pledged her own credit or the credit of her husband, she replied that she pledged her own credit."

The plaintiff's attorney also testified that he had the original stenographer's minutes of that trial and would put them in evidence if counsel for defendant desired.   Defendant's counsel desired to see them, and they were shown him.   All this testimony of plaintiff's attorney was objected to, the objections were overruled, and exceptions duly taken.   The defendant now contends most strenuously that this is the only evidence tending to establish the liability of defendant upon the original sale of the goods, and, being incompetent, was properly disregarded by the court in dismissing the complaint.

[3] His chief objection to its competence is that its admission violates section 830 of the Code of Civil Procedure.   We do not think

that that section of the Code has any application. The evidence simply proved an admission of the defendant against her interest. The fact that the admission was given under sanction of an oath and as a witness in a civil suit does not render it incompetent. It simply tends to make it stronger. The defendant was in court at the time this evidence was given by plaintiff's attorney, and failed to take the stand and contradict it. That of itself is indication of its truth.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs in result. PAGE, J., concurs.